IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RESURGENT CAPITAL SERVICES LP, )
)
        Plaintiff, )
)
vs. ) Case No. 12-3436-CV-ODS
)
MICHAEL THOMASON, )
)
        Defendant. )

**ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO REMAND**

      Pending is Defendant's Motion to Remand. For the reasons set forth below, the Motion is granted and the case is remanded to the Circuit Court of Polk County, Missouri.

## I. BACKGROUND

      On July 9, 2012, Plaintiff Resurgent Capital Services, LP ("Resurgent") filed this action in Polk County, Missouri asserting allegations of non-payment of a certain debt. Resurgent's Petition asserted three claims, all of which arise under state law. On August 20, 2012, Defendant Michael Thomason ("Thomason") filed his Answer and affirmative defenses. Thomason also filed a counterclaim against Resurgent alleging violations of the Fair Debt Collection Practices Act, and requesting class action status.

      On September 21, 2012, Resurgent filed a Notice of Removal to this Court under 28 U.S.C. § 1441. On September 28, 2012, Thomason filed his Motion to Remand. On October 12, 2012, Resurgent filed Suggestions in Opposition to Defendant's Motion to Remand alleging that the Class Action Fairness Act ("CAFA") expands removal authority to include counterclaim defendants in class action suits.

## II. DISCUSSION

      Before CAFA, the law had long been settled that a plaintiff in state court who becomes a counterclaim defendant could not remove the action to federal court.

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The issue presented before this Court is whether CAFA expands removal authority to include a plaintiff in state court who becomes a counterclaim defendant.

1. Statutory Interpretation

The starting point in interpreting the statute is the language of the statute itself. *U.S. v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997). "If the plain language of the statute is unambiguous, that language is conclusive absent clear legislative intent to the contrary." *Id.* However, if the language is ambiguous, the Court should consider "the purpose, the subject matter and the condition of affairs which led to its enactment." *Id.* (quoting *Lambur v. Yates*, 148 F.2d 137, 139 (8th Cir. 1945)). The traditional removal statute states:

> Any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendants* or *the defendant* . . . .

28 U.S.C. § 1441(a) (emphasis added). The CAFA removal statute states:

> A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall now apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by *any defendant* without the consent of all defendants.

28 U.S.C. § 1453(b) (emphasis added).

Resurgent argues that the modifier "any" in the CAFA removal statute expands the definition of "defendant" to include counterclaim defendants. The Court disagrees. A simple modifier is not enough to change the settled definition of "defendant." *See Deutsche Bank Nat. Trust Co. v. Collins*, No. 4:11-CV-04092-SOH, 2012 WL 768206, at *2 (W.D. Ark. Mar. 7, 2012). The provision that removal can be effectuated by "any defendant without the consent of all defendants" is intended to specify that all defendants need not join in removal, as is the case in non-CAFA cases involving multiple defendants. Further, other Circuits have held that a counterclaim defendant may not remove under

2

CAFA. *See Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008); *First Bank v. DJL Properties, LLC*, 598 F.3d 915, 918 (7th Cir. 2010); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007); *Westwood Apex v. Contreras*, 644 F.3d 799, 807 (9th Cir. 2011).

### 2. Legislative History

Resurgent also argues the purpose behind CAFA supports expanding removal authority to counterclaim defendants. The Court recognizes the purpose behind CAFA was to broaden federal-court jurisdiction over class-action suits. *See, e.g., Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 342 (4th Cir. 2008) (Niemeyer, J., dissenting) (discussing the history and purpose of CAFA). "CAFA undoubtedly broadened the three traditional rules of removal jurisdiction by: (1) allowing a single defendant to remove without unanimous consent of other defendants; (2) allowing a home-state defendant to remove; and (3) eliminating the one-year limitation on removal." *Deutsche*, 2012 WL 768206, at *3. However, the purpose behind CAFA was not to fundamentally alter the traditional removal definition of "defendant." *Id.* If that were the case, Congress would have made it clear that "any party" or "counterclaim defendants" could remove the case to federal court.

### III. CONCLUSION

There is nothing in the language or legislative history of CAFA that alters the traditional rule that a counterclaim defendant may not remove a case to federal court. Defendant Thomason's Motion to Remand is granted, and the case is remanded to the Circuit Court of Polk County, Missouri for further proceedings. All other motions remain pending for disposition by the state court.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 5, 2012    UNITED STATES DISTRICT COURT